WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Nyerges, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Hillstone Restaurant Group Incorporated,<br><br>Defendant. | No. CV-19-02376-PHX-DWL<br><br>**ORDER** |

Pending before the Court are two discovery disputes. (Docs. 67, 68.)

**BACKGROUND**

On January 20, 2018, Lewis Nyerges choked on a piece of steak while dining at a Scottsdale restaurant owned by Hillstone. (Doc. 14 at 3-7.) When Nyerges arrived at the hospital, his blood alcohol level was measured at 0.422, and he eventually died from injuries related to the choking episode. (*Id.*) Nyerges's survivors and estate have now sued Hillstone under a dramshop/negligence theory. (*Id.*)

**DISCUSSION**

I. <u>The Employee Summaries Prepared At The Request Of Hillstone's General Counsel</u>

At some unspecified point after the incident on January 20, 2018, Hillstone's general counsel, W. Glenn Viers, instructed four Hillstone employees (Megan Waldo, Megan Skousen, Christina Goodman, and Kelly Rodavich) to prepare written statements concerning the incident. (Doc. 67-1 ¶ 6.) Mr. Viers has submitted a declaration avowing that his purpose in soliciting these statements was "so that I could provide legal advice to

my client, Hillstone, regarding the legal implications of the incident . . . ." (*Id.*) The declaration further avows that Mr. Viers did, in fact, end up using the information contained in the statements to provide legal advice to Hillstone (*id.* ¶ 7) and that he has "always considered, treated and kept confidential those written statements . . . as protected by the attorney-client privilege" (*id.* ¶ 8).

The parties' first dispute concerns whether Hillstone must produce the four written statements to Plaintiffs as part of the discovery process in this case. (Doc. 67.) Hillstone argues that (1) the statements are covered by the attorney-client privilege under A.R.S. § 12-2234 and *Salvation Army v. Bryson*, 273 P.3d 656 (Ariz. Ct. App. 2012), and are thus not subject to disclosure; and (2) alternatively, the statements are "protected as work-product because they were prepared for Mr. Viers to assess litigation that could ensue." (Doc. 67 at 3.) Plaintiffs disagree, arguing that (1) Hillstone's invocation of the attorney-client privilege is misplaced because "there was no pending litigation at the time" so "[t]he witness statements were not obtained for the purpose of providing legal advice" and (2) Hillstone's invocation of the work-product doctrine is misplaced because Plaintiffs "have 'substantial need' for the materials that cannot be obtained any other way. Three of the four witnesses testified to lack of recollection of the particulars of the events that occurred. The fourth witness has yet to be deposed despite months spent requesting her deposition." (*Id.* at 2.)

The Court is tentatively persuaded by Hillstone's contention that the written statements are covered by the attorney-client privilege. The decision in *Salvation Army v. Bryson*, 273 P.3d 656 (Ariz. Ct. App. 2012), seems on point. However, the Court will afford Plaintiffs the opportunity to provide additional briefing before reaching a final decision.

On that note, it appears that Plaintiffs' sole argument why the attorney-client privilege should be deemed inapplicable here is because Mr. Viers solicited the written statements before litigation was pending or anticipated. Although it's true that the work-product doctrine is limited to "documents and tangible things that are prepared in

anticipation of litigation or for trial by or for another party or its representative," *see* Fed. R. Civ. P. 26(b)(3)(A), the Court is aware of no rule holding that the attorney-client privilege is subject to a similar limitation. Thus, Plaintiffs' supplemental brief should identify the authorities supporting their view that the attorney-client privilege only applies to communications made in anticipation of (or during) litigation. Additionally, although the parties' briefing does not disclose when Mr. Viers actually solicited the written statements, the surrounding circumstances suggest he was anticipating litigation at the time—why else would a company's general counsel become involved in obtaining statements from employees following a fatal accident? Thus, Plaintiffs' supplemental brief should also address why, even assuming the applicability of an anticipation-of-litigation requirement, the conduct at issue here should be deemed not in anticipation of litigation.

II.     Expert Fees

The parties' second dispute concerns the fees charged by Hillstone's expert, Mr. Clements, whose fee schedule states that he charges $250/hour for reviewing records but $375/hour for time spent in depositions, with a four-hour minimum for depositions. (Doc. 68 at 1.) Plaintiffs, who are planning to depose Mr. Clements, argue that the deposition will only take one hour and don't believe they should be required to pay the four-hour minimum (*i.e.,* $1,500)—they believe they should have to pay for only one hour (*i.e.,* $375) or, if they are required to pay for the full four hours, it should be at Mr. Clements's $250 rate (*i.e.,* $1,000). (*Id.* at 1-2.) Hillstone disagrees, arguing that courts allow experts to charge "modestly higher" rates for depositions, that courts also allow experts to impose minimum-hour requirements for depositions, and that it is reasonable to do so because experts must spend time preparing to be deposed and must also clear their schedules on the day of the deposition to account for possible technical issues or overages. (Doc. 68 at 2-3.)

Rule 26(b)(4)(E)(i) provides, in relevant part, that "[u]nless manifest injustice would result, . . . the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery." *Id.*  "What constitutes a

1  'reasonable fee' . . . lies within the Court's sound discretion." *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 545-46 (D. Ariz. 1999).

Here, at bottom, Mr. Clements is seeking to charge $1,500 for one hour of his time. The case on which both parties rely, *Edin,* recognizes that this would be an impermissible outcome. *Id.* at 547 ("The Court FURTHER FINDS that Dr. Maric's deposition fees, $1400.00 for 2 hours, are grossly unreasonable."). Thus, Plaintiffs' challenge to Mr. Clements's proposed rates will be granted in part.

As for whether Mr. Clements should be allowed to charge a four-hour minimum for deposition time, the Court agrees with Plaintiffs that such a minimum charge would be unreasonable here (and, thus, impermissible under Rule 26(b)(4)(E)(i)). Although it might be permissible in some circumstances to allow an expert to impose a minimum-hour requirement for deposition time, such as in the case of a doctor who cannot immediately start working on another compensable matter as soon as the deposition ends (due to need to coordinate schedules with patients), Mr. Clements could presumably start working on other matters (such as reviewing records in other cases in which he is serving as an expert) as soon as his deposition in this case concludes. *Massasoit v. Carter*, 227 F.R.D. 264, 267 (M.D.N.C. 2005) ("[D]efendants have not shown a reasonable basis for the expert's $2,000.00 flat rate fee for a deposition at his own office. They state that he blocks out an entire day for a deposition. But that does not explain why he does that for all depositions, even short ones. It appears that their expert does consultation for his business and that if he is not in deposition or trial, or on investigation, he can spend his time reviewing reports. Consequently, in the instant case, the Court does find that a flat rate fee of $2,000.00 for a deposition, which could amount to over $600.00 per hour, is exorbitant. The expert is not like the physician who may have to block out time when he or she could see patients.") . *See also Farace v. Am. Airlines, Inc.*, 2011 WL 3841438 (D. Nev. 2011) ("[T]he appropriate measure of an expert witness's compensation for giving deposition testimony is a reasonable hourly rate for the time actually spent in the deposition.").

As for Mr. Clements's practice of charging a higher rate for deposition time than

- 4 -

time spent reviewing records, although this practice is not always reasonable, the Court finds it reasonable here because (1) Plaintiffs don't object to a $375 hourly rate for deposition time so long as they aren't subject to a four-hour minimum and (2) Mr. Clements is apparently not charging for time spent preparing for the deposition.

***

Accordingly, **IT IS ORDERED** that:

(1) As for the first discovery dispute (Doc. 67), Plaintiffs must submit a supplemental brief, not to exceed seven pages, by **July 27, 2020**.

(2) As for the second discovery dispute (Doc. 68), Plaintiffs' challenge to Mr. Clements's rates is granted in part. Mr. Clements may charge $375/hour for the time spent in his deposition in this case but may not charge a four-hour minimum. If the deposition takes longer than anticipated, such as due to technical delays, the additional time will be compensable.

Dated this 20th day of July, 2020.

Dominic W. Lanza
United States District Judge