**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Nyerges, et al., | No. CV-19-02376-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Hillstone Restaurant Group Incorporated, | |
| Defendant. | |

Pending before the Court is a discovery dispute concerning whether Hillstone must produce four written statements that were prepared by Hillstone employees, at the behest of Hillstone's general counsel, in the aftermath of a fatal choking incident at a Hillstone restaurant.  (Doc. 67.)  In a previous filing, Hillstone argued the written statements are protected by the attorney-client privilege while Plaintiffs argued the privilege is inapplicable because, *inter alia*, litigation was not pending or anticipated at the time the statements were solicited.  (*Id.* at 2.)

In an order filed on July 20, 2020, the Court expressed tentative disagreement with Plaintiffs' position, noting that although "the work-product doctrine is limited to 'documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative,' the Court is aware of no rule holding that the attorney-client privilege is subject to a similar limitation."  (Doc. 71 at 2-3.)  Nevertheless, the Court offered Plaintiffs an opportunity to submit a supplemental brief and instructed that the brief "should" (1) "identify the authorities supporting [Plaintiffs'] view that the

1    attorney-client privilege only applies to communications made in anticipation of (or

2    during) litigation"; and (2) "address why, even assuming the applicability of an

3    anticipation-of-litigation requirement, the conduct at issue here should be deemed not in

4    anticipation of litigation." (*Id.* at 3.)

5          Plaintiffs have now filed their supplemental brief. (Doc. 73.) It offers very little

6    discussion of the two issues identified in the July 20, 2020 order. Indeed, after

7    acknowledging that, under A.R.S. § 12-2234(B)(2), the attorney-client privilege applies to

8    communications "between an attorney for a corporation . . . and any employee . . .

9    regarding . . . information obtained from the employee" if the communication was "[f]or

10    the purpose of obtaining information in order to provide legal advice to the entity or

11    employer," Plaintiffs simply argue—without identifying any supporting authority or case

12    law—that this provision is factually inapplicable here because "[n]o litigation had been

13    filed or was contemplated at the time the statements were obtained. As such, no legal

14    advice was necessary to give. The statements could have been given to the entity's . . .

15    General Counsel to document an unusual incident that occurred, for training purposes, or

16    for law enforcement in case of a follow-up investigation." (Doc. 73 at 6-7.)

17          This argument is unavailing. Hillstone has submitted a declaration from its general

18    counsel avowing that his intention when soliciting the statements was "so that I could

19    provide legal advice to my client, Hillstone, regarding the legal implications of the

20    incident." (Doc. 67-1 ¶ 6.) Thus, even if a different general counsel might theoretically

21    have other reasons for soliciting written statements from employees following a fatal

22    accident, Hillstone has established that its general counsel's intent when soliciting the

23    statements at issue here was to obtain information for the purpose of providing legal advice.

24    Under these circumstances, A.R.S. § 12-2234(B)(2) is satisfied.

25          Plaintiffs also use their supplemental brief as a vehicle for raising two new

26    arguments that weren't raised in their initial brief. This approach is improper, given the

27    clear instructions in the July 20, 2020 order concerning the scope of the supplemental brief,

28    but the new arguments fail on the merits in any event.

Plaintiffs' first new argument is that A.R.S. § 12-2234 is unconstitutional.  (Doc. 3-6.)  Specifically, Plaintiffs argue that the written summaries would not be considered privileged under *Samaritan Foundation v. Goodfarb*, 862 P.2d 870 (Ariz. 1993), which is "the Arizona Supreme Court's most recent decision regarding the attorney-client privilege in this context," and the Arizona Legislature's subsequent attempt to expand the scope of the privilege, via its enactment of A.R.S. § 12-2234, "violated the separation of powers by infringing on the Arizona Supreme Court's authority."  (*Id.*)  The problem with this argument is that the Arizona courts, not a federal court sitting in diversity, should be the ones to decide such state-law issues in the first instance and Plaintiffs have tellingly failed to identify any Arizona court, in the 26 years since A.R.S. § 12-2234 was enacted, to recognize this alleged separation-of-powers infirmity.  To the contrary, the Arizona courts have seemed to recognize that A.R.S. § 12-2234 validly expanded the scope of the privilege.  *See, e.g., Salvation Army v. Bryson*, 273 P.3d 656, 662 (Ariz. Ct. App. 2012) (rejecting real-party-in-interest's argument that "[d]espite changes to A.R.S. § 12-2234 enacted in 1994, *Samaritan* . . . remains the law in Arizona" and holding that "the legislature ha[s] 'expanded' the application of attorney-client privilege beyond communications encompassed by the holding in *Samaritan*") (citations omitted).[1]

Plaintiffs' second new argument concerns A.R.S. § 12-2234(C), which provides that "[t]he privilege defined in this section shall not be construed to allow the employee to be relieved of a duty to disclose the facts solely because they have been communicated to an attorney."  Plaintiffs argue that, even if the written statements themselves are privileged, A.R.S. § 12-2234(C) should be construed to require Hillstone to provide, in its MIDP disclosures in this case, a summary of "the facts believed to be contained within the

---

[1]        Plaintiffs' argument that the court in *Roman Catholic Diocese of Phoenix v. Superior Court*, 62 P.3d 970 (Ariz. Ct. App. 2003), expressed "significant questions as to whether the Arizona Legislature violated the separation of powers by infringing the Supreme Court's authority" (Doc. 73 at 5) lacks merit.  In fact, the court in that case specifically declined to express any views on that issue.  62 P.3d at 975 n.8 ("We do not address any constitutional issues for two reasons.  First, the State does not raise any constitutional issue, and the trial court, although recognizing its existence, did not address it.  Second, our conclusion that the 1994 amendments do not apply to criminal proceedings makes it unnecessary to address any broader issue.").

witnesses' statements." (Doc. 73 at 7-8.)

This argument is not properly before the Court. The pending discovery dispute (Doc. 67) only contains a request to compel Hillstone to produce the employees' written statements. That request is improper, for the reasons stated above—the summaries are privileged. To the extent Plaintiffs have separate concerns with the adequacy of Hillstone's MIDP disclosures, it is unclear if Plaintiffs have even attempted to meet-and-confer with Hillstone concerning that issue. Additionally, Plaintiffs have not produced a copy of the disclosures themselves, so the Court has no way of assessing their adequacy.

Accordingly, **IT IS ORDERED** that the pending discovery dispute, which is functionally a motion to compel Hillstone to produce the four written employee statements (Doc. 67), is **denied**.

Dated this 30th day of July, 2020.

_____
Dominic W. Lanza
United States District Judge