**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Nyerges, et al., | No. CV-19-02376-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Hillstone Restaurant Group Incorporated, | |
| Defendant. | |

Pending before the Court is a discovery dispute concerning the sufficiency of Hillstone's disclosures of factual information contained in attorney-client privileged documents. (Doc. 88.)  The documents in question are four written statements prepared by Hillstone employees at the behest of Hillstone's general counsel in the aftermath of a fatal choking incident at a Hillstone restaurant.  On July 30, 2020, the Court determined these statements are protected by the attorney-client privilege and thus denied Plaintiffs' request to compel production of them. (Doc. 75.)  In the pending dispute, Plaintiffs argue that Hillstone has not sufficiently disclosed the facts contained in the statements. (Doc. 88 at 2.)

During a telephonic hearing, Plaintiffs set out their reasons for doubting the sufficiency of Hillstone's fact disclosures and requested that the Court review the statements *in camera* to determine whether Hillstone's disclosures are adequate.  In response, Hillstone's counsel twice avowed that all of the facts contained in the witness statements have been conveyed to Plaintiffs through witness deposition testimony or

1    through Hillstone's Mandatory Initial Discovery Pilot Project ("MIDP") disclosures.

2        A party requesting *in camera* review of assertedly privileged documents must show

3    "a factual basis sufficient to support a reasonable, good faith belief that *in camera*

4    inspection may reveal evidence that information in the materials is not privileged." *In re*

5    *Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992).[1]   Although this

6    "evidentiary threshold" is "relatively minimal," it "must first be met by the party requesting

7    review before the court may exercise its discretion." *Id.* at 1072.   This is because "*in*

8    *camera* review of documents . . . is an intrusion [into the attorney-client privilege] which

9    must be justified." *Id.* at 1074.   Thus, although the Court must engage in "[s]ome

10   speculation" when assessing whether the evidentiary threshold is met, *id.* at 1073, the

11   requesting party must show more than a "hunch" that privileged communications may

12   contain additional facts subject to disclosure. *Cf. Reynolds v. Liberty Mut. Ins. Co.*, 2017

13   WL 6415360, *4 (D. Ariz. 2017) (party seeking *in camera* review "failed to make the

14   requisite factual showing, instead hinging his argument on a hunch"); *Aerojet Rocketdyne,*

15   *Inc. v. Glob. Aerospace, Inc.*, 2019 WL 1178635, *4 (E.D. Cal. 2019) (party failed to meet

16   minimal threshold for *in camera* review of redacted material where it argued that most of

17   the redacted information was not privileged because the redactions appeared to be "heavy

18   handed" and "inconsistent").

19       If the requesting party makes the threshold showing, the decision whether to order

20   *in camera* review is "within the discretion of the district court." *Grand Jury Investigation*,

21   974 F.2d at 1075.   The exercise of this discretion, in turn, "is guided by the factors

22   enumerated in [*United States v. Zolin*, 491 U.S. 554 (1989)]." *Id.*   Under *Zolin*, "[t]he court

23

24   [1]       Although state law determines the scope of attorney-client privilege under Federal
     Rule of Evidence 501 in diversity actions, *In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778,
     781 (9th Cir. 1989), federal law governs here because the propriety of *in camera* review is

25   a procedural matter. *Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc.*, 2019 WL 1178635,
     *2 (E.D. Cal. 2019) ("Although the law of the forum state governs the substantive issue of

26   attorney-client privilege in diversity cases, federal law governs procedure.   The use of *in
     camera* review to determine whether attorney-client privilege is properly claimed is a

27   procedural matter.") (citation omitted); *MKB Constructors v. Am. Zurich Ins. Co.*, 2014
     WL 2526901, *6-7 (W.D. Wash. 2014); *United Invs. Life Ins. Co. v. Nationwide Life Ins.*

28   *Co.*, 233 F.R.D. 483, 486 (N.D. Miss. 2006); *In re Fed. Skywalk Cases*, 95 F.R.D. 477,
     478-79 (W.D. Mo. 1982).

1   should make that decision [whether to conduct *in camera* review] in light of the facts and

2   circumstances of the particular case, including, among other things, the volume of materials

3   the district court has been asked to review [and] the relative importance to the case of the

4   alleged privileged information." 491 U.S. at 572.

5     Here, Plaintiffs have failed to make the threshold evidentiary showing necessary to

6   support *in camera* review. During the telephonic hearing, Plaintiffs explained their reasons

7   for suspecting that the four witness statements may contain factual information that

8   Hillstone has not adequately disclosed. Plaintiffs argued that (1) Hillstone's MIDP

9   responses did not contain much information; (2) during depositions, the witnesses failed to

10   recall many facts from the night in question; (3) during depositions, none of the witnesses

11   could remember what they had said in the earlier statements; (4) the earlier statements were

12   made closer in time to the choking incident; and (5) when Plaintiffs requested a

13   supplemental MIDP disclosure, Hillstone amended the disclosure for one of the four

14   witnesses to provide additional information. Plaintiffs ask the Court to consider these

15   observations in the aggregate and draw the inference that the statements may contain

16   additional facts that Hillstone must disclose under the MIDP and A.R.S. § 12-2234(C).

17     Plaintiffs' evidence does not create "a factual basis sufficient to support a

18   reasonable, good faith belief that *in camera* inspection may reveal evidence that

19   information in the materials is not privileged." *Grand Jury Investigation*, 974 F.2d at 1075.

20   Even if the Court accepts that Hillstone's MIDP disclosures are somehow inadequate,

21   Plaintiffs deposed all four witnesses, so that perceived inadequacy alone could not support

22   *in camera* review. As for points two through four, Plaintiffs point to no authority

23   establishing that a witness's failure to remember many details during a deposition justifies

24   *in camera* review of privileged documents, nor did the Court identify any such authority

25   through its own research. Finally, Hillstone's effort to comply with its obligations under

26   the MIDP, by providing supplemental disclosures after Plaintiffs raised concerns about the

27   sufficiency of its initial disclosures, does not justify an inference that Hillstone is somehow

28   misleading Plaintiffs and the Court in its assertion of privilege over the witness statements,

even if the information in the supplemental disclosures was taken from the privileged documents. *Cf. Aerojet Rocketdyne, Inc.*, 2019 WL 1178635 at *4 ("[A] single inconsistency is hardly evidence of broad based over-reach in the assertion of privilege.").

Alternatively, even if Plaintiffs had met their initial burden, the Court would exercise its discretion not to conduct an *in camera* review in light of the facts and circumstances of this case. Hillstone's counsel twice represented to the Court, in unambiguous terms, that all facts in the witness statements have already been disclosed to Plaintiffs through Hillstone's MIDP disclosures or through witness deposition testimony. Under these circumstances, *in camera* review is not warranted. *Cf. Wellin v. Wellin*, 2016 WL 7626174, *3 (D.S.C. 2016) (rejecting request for *in camera* review, where plaintiff's counsel avowed that withheld documents did not fall within a particular exception to the attorney-client privilege and defendants sought review "to assure Plaintiff has fully complied with the Order compelling production of the documents subject to the . . . exception," because "there is no basis for concluding the representations of Plaintiff's counsel are untrue"); *Guy v. United Healthcare Corp.*, 154 F.R.D. 172, 176 (S.D. Ohio 1993) (declining to conduct *in camera* review because such an "expenditure of judicial resources . . . could be justified only by an implicit determination that the representations made by defense counsel are untrue" and "[t]hat determination is unwarranted").

Accordingly, **IT IS ORDERED** that the pending discovery dispute, which is construed as a request for *in camera* review (Doc. 88), is **denied**.

Dated this 1st day of October, 2020.

Dominic W. Lanza
United States District Judge