**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Nyerges, et al., | No. CV-19-02376-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Hillstone Restaurant Group Incorporated, | |
| Defendant. | |

Pending before the Court is Plaintiffs' motion for reconsideration. (Doc. 122.) For the following reasons, the motion is denied.

**RELEVANT BACKGROUND**

This is a dram-shop liability action arising out of the death of Lewis Nyerges ("Nyerges"). On the evening in question, Nyerges and a group of companions consumed food and drinks at Bandera, a Scottsdale restaurant operated by Hillstone Restaurant Group Incorporated ("Hillstone"). Around 10:00 p.m., Nyerges choked while eating his meal, collapsed, and was rushed to the hospital, where he later died.

In the aftermath of the incident, Hillstone's general counsel solicited written statements from four Hillstone employees (Waldo, Skousen, Goodman, and Rodavich) who were on duty on the night of the incident. (Doc. 67-1.) During the discovery process, Plaintiffs moved to compel production of those written statements. (Doc. 67.) In an order issued in July 2020, the Court denied this motion on the ground that the written statements were protected by the attorney-client privilege. (Doc. 75.)

1    Afterward, Plaintiffs filed a related motion, arguing that they had reason to doubt
2 whether Hillstone had fully disclosed the *facts* set forth in the written statements during the
3 discovery process and that the Court should conduct an *in camera* review of the written
4 statements to confirm the sufficiency of Hillstone's disclosures. (Doc. 88.)  During the
5 resulting hearing in September 2020, "Hillstone's counsel twice avowed that all of the facts
6 contained in the witness statements have been conveyed to Plaintiffs through witness
7 deposition testimony or through Hillstone's Mandatory Initial Discovery Pilot Project
8 ('MIDP') disclosures." (Doc. 103 at 1-2.)  In October 2020, based in part on these avowals,
9 the Court denied Plaintiffs' request for *in camera* review.  (*Id.* at 4 ["[E]ven if Plaintiffs
10 had met their initial burden, the Court would exercise its discretion not to conduct an *in
11 camera* review in light of the facts and circumstances of this case.  Hillstone's counsel
12 twice represented to the Court, in unambiguous terms, that all facts in the witness
13 statements have already been disclosed to Plaintiffs through Hillstone's MIDP disclosures
14 or through witness deposition testimony.  Under these circumstances, *in camera* review is
15 not warranted."].)

16    On August 2, 2021, after full briefing and oral argument, the Court issued a lengthy
17 order resolving the Hillstone's motion for summary judgment and Plaintiffs' motion for
18 discovery sanctions. (Doc. 120.)  As relevant here, the Court concluded that the imposition
19 of discovery sanctions against Hillstone was warranted because Hillstone had failed to
20 properly disclose the names of two bartenders (Solomon and Bralich) who made drinks for
21 Nyerges and his companions on the night in question. (*Id.* at 14-30.)  Plaintiffs did not
22 become aware of those bartenders' identities until the deposition of former Hillstone
23 employee Raina Banuelos, which occurred six days before the close of the fact discovery
24 period. (*Id.* at 15.)  The specific sanction was that "it is to be taken as established that
25 Solomon and/or Bralich bartended at Bandera on the night in question and interacted with
26 Nyerges and his party" and "the jury may, but is not required to, infer that Solomon and/or
27 Bralich observed that Nyerges was obviously intoxicated." (*Id.* at 28.)

28    On August 27, 2021—that is, 25 days after the issuance of the sanctions order and

nearly 11 months after the issuance of the order denying *in camera* review—Plaintiffs filed the pending motion for reconsideration of the latter order.  (Doc. 122.)

On September 15, 2021, Hillstone filed a response.  (Doc. 124.)

On September 22, 2021, Plaintiffs filed a reply.  (Doc. 125.)

## DISCUSSION

I. <u>Legal Standard</u>

"Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv. 7.2(g)(2).

On the merits, "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv. 7.2(g)(1).  Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).  Mere disagreement with a previous order is an insufficient basis for reconsideration.  *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

II. <u>The Parties' Arguments</u>

Plaintiffs seek reconsideration of the October 2020 order denying their request for *in camera* review of the four written statements.  (Doc. 122.)  Plaintiffs' overarching argument is that the imposition of discovery sanctions against Hillstone in August 2021 "for failure to disclose key witnesses in this matter . . . calls into question defense counsel's avowals at oral argument [in September 2020] that all the facts in the witness statements had been disclosed."  (*Id.* at 3.)  Plaintiffs elaborate: "Since the Court's reliance upon Defense Counsel's avowals at the [September 2020] hearing, however, the facts and circumstances of this case have changed dramatically.  Indeed, . . . since that time, the Court has sanctioned Defendants for failure to disclose key witnesses.  Such a change in the facts and circumstances of this case call into question the validity of Defense Counsel's

- 3 -

avowals and justifies the Court in reconsidering its Order regarding *in camera* inspection." (*Id.* at 7-8.) Plaintiffs also contend that reconsideration is warranted because the October 2020 order required them to make a showing that isn't required by law. (*Id.* at 6.)

Hillstone opposes Plaintiffs' motion. (Doc. 124.) In its response brief, Hillstone once again avows that all of the facts set forth in the four witness statements have been disclosed to Plaintiffs via the discovery process. (*Id.* at 2.) Hillstone also emphasizes that the deponent (Banuelos) who identified Solomon and Bralich as bartenders working on the night in question was not one of the four employees who authored a written statement. (*Id.*) Finally, Hillstone provides a declaration from its counsel avowing that none of the four witness statements contains any mention of Solomon or Bralich. (Doc. 124-1 ¶ 6.)

In reply, Plaintiffs repeatedly argue that the Court should not accept Hillstone's most recent avowal that all of the facts set forth in the written statements have been disclosed because that avowal only appears in Hillstone's response brief and is conspicuously missing from Hillstone's counsel's declaration. (Doc. 125 at 2, 3, 5-6.) Plaintiffs also contend that it is "irrelevant" that Solomon and Bralich aren't mentioned in the four statements because "[t]he issue is not whether any of the witness statements mention the two bartenders, but whether all of the facts contained in the statements were disclosed." (*Id.* at 5.) Finally, Plaintiffs clarify that they "are not asking the Court to review the witness statements based on an unrelated disclosure violation. Rather, Plaintiffs are asking the Court to conduct an *in camera* review of the witness statements because the conduct of Defendant throughout this litigation calls into question Defense Counsel's avowal that all the facts have been disclosed. This Court's sanctioning of Defendant for failure to disclose key witnesses in this matter is only one of several examples . . . of Defendant's conduct throughout the litigation." (*Id.* at 6.)

III.   Analysis

Plaintiffs' motion for reconsideration is denied. As an initial matter, the motion is untimely. Under LRCiv 7.2(g)(2), such motions must, absent good cause, be filed within 14 days of the issuance of the challenged order. Here, the challenged order was issued on

October 1, 2020 (Doc. 103) yet Plaintiffs did not file their reconsideration request until August 27, 2021 (Doc. 122). The delay of nearly 11 months obviously exceeds the 14-day reconsideration window. Moreover, even assuming that the basis for Plaintiffs' reconsideration request did not become fully apparent until the issuance of the sanctions order on August 2, 2021 (Doc. 120), the motion was still filed outside the required 14-day window. Nor have Plaintiffs demonstrated good cause for their tardiness in seeking relief.

The motion is also denied on the merits. In the October 2020 order, the Court declined to conduct an *in camera* review based in part on Hillstone's counsel's avowals during the September 2020 hearing that all of the facts set forth in the witnesses statements had been disclosed to Plaintiffs via the discovery process. None of the subsequent developments in this case provide a reason to reconsider the accuracy of those avowals. Admittedly, Hillstone was subsequently sanctioned for discovery violations, but it is significant that the sanctions were based on the failure to properly disclose information known to *Banuelos*. Because Banuelos was not one of the authors of the four witness statements, the Court does not view this episode as necessarily casting doubt on Hillstone's counsel's avowals as to the sufficiency of Hillstone's efforts to disclose the facts set forth in the witness statements. Nor do such doubts arise from the other alleged episodes of discovery misconduct discussed in Plaintiffs' reply. Finally, although the Court agrees with Plaintiffs that it is curious that Hillstone only reiterated the accuracy of its counsel's avowals in its response to the motion for reconsideration, but not in the declaration from counsel attached to the response, the Court does not view this as a basis for ignoring or questioning the accuracy of the avowals (which is essentially what Plaintiffs ask the Court to do). Hillstone's counsel is an officer of the court who made the previous avowals in response to direct questioning by the Court and repeated the avowal in a brief she signed and filed with the Court. Nothing about this state of affairs justifies the "extraordinary" remedy of reconsideration. *Kona Enters.,* 229 F.3d at 890.

…

…

Accordingly, **IT IS ORDERED** that Plaintiffs' motion for reconsideration (Doc. 122) is **denied**.

Dated this 1st day of October, 2021.

_____
Dominic W. Lanza
United States District Judge