**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Nyerges, et al., | No. CV-19-02376-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Hillstone Restaurant Group Incorporated, | |
| Defendant. | |

Pending before the Court is Plaintiff's motion *in limine* regarding throat cancer. (Doc. 156.) For the following reasons, the motion is denied.

As background, "[t]his is a dram-shop liability action arising out of the death of Lewis Nyerges . . . . On the evening in question, Nyerges and a group of companions consumed food and drinks at Bandera, a Scottsdale restaurant operated by Hillstone Restaurant Group Incorporated . . . . Around 10:00 p.m., Nyerges choked while eating his meal, collapsed, and was rushed to the hospital, where he later died. Although Nyerges's formal cause of death was asphyxiation due to choking on a piece of meat, his blood alcohol concentration . . . was measured at .422 at the hospital." (Doc. 120 at 1.) One of the key disputed issues at trial will be causation—that is, "whether the alcohol served by Defendant to Lewis Nyerges was a proximate cause of Lewis Nyerges' death due to asphyxiation from choking on a piece of steak." (Doc. 152 at 11 [final pretrial order].)

It appears that one of Hillstone's causation-related defenses at trial will be to show that Nyerges had been diagnosed with throat cancer before the incident and that this cancer,

rather than any alcohol service, was the reason why he choked. According to Plaintiff, Hillstone's causation expert testified during his deposition that "[i]f this condition were verified, then, in my opinion, throat or esophageal cancer in Mr. Nyerges would rank high among possible alternative explanations of his failure to swallow properly, the proximal cause of his collapse and subsequent death." (Doc. 156 at 3.)

In the pending motion *in limine*, Plaintiff seeks to preclude the admission of any throat cancer-related evidence at trial. (Doc. 156.) According to Plaintiff, there are only two pieces of evidence that purportedly show that Nyerges had been diagnosed with throat cancer: (1) a medical record from Honor Health that contains the notation "possible esophageal cancer diagnosed at the Cleveland Clinic"; and (2) testimony from non-party witness Michael Christley, who stated that when he was at the hospital with Nyerges following the choking incident, a woman identified only as "Erica" "came to the hospital and told Mr. Christley: 'I don't know if [Nyerges] told you or not, but he has Stage 4 throat cancer.'" (*Id.*) As for the former, Plaintiff contends the notation is misleading because none of the underlying medical records from the Cleveland Clinic contain any references to esophageal cancer and subsequent medical records from Honor Health acknowledge that the notation was inaccurate ("records were received from, Cleveland clinic and there is no mention of cancer"). (*Id.*) As for the latter, Plaintiff contends that "Erica" has never been identified and her statement has never been substantiated. (*Id.*) For these reasons, Plaintiff argues that any throat cancer evidence should be excluded because it "is hearsay, more prejudicial than probative, and there is no admissible evidence that Lewis Nyerges actually had throat cancer." (*Id.*)

Hillstone opposes Plaintiff's motion. (Doc. 157.) As an initial matter, Hillstone notes that the exclusion arguments now being raised by Plaintiff differ from the arguments raised in a previous version of the motion. (*Id.* at 1-2.) On the merits, Hillstone argues that the evidence at issue is relevant, is not hearsay under Rule 803(4), and is not unfairly prejudicial under Rule 403. (*Id.* at 2-3.)

The Court agrees with Hillstone. If, in fact, Nyerges had been diagnosed with throat

cancer before the choking incident, this would obviously be relevant as to causation and damages. Hillstone is also correct that at least one of the pieces of evidence at issue—the medical record from Honor Health containing the notation "possible esophageal cancer diagnosed at the Cleveland Clinic"—falls within an exception to the rule against hearsay under Rule 803(4). This is because the statement was made for, and was reasonably pertinent to, medical diagnosis or treatment (it was a statement of a nurse who was actively treating Nyerges) and described Nyerges's medical history. *See generally United States v. Kootswatewa*, 893 F.3d 1127, 1133 (9th Cir. 2018) ("An adequate foundation may be laid under Rule 803(4) by introducing objective evidence of the context in which the statements were made."). Regardless of whether the statement was accurate, it was not hearsay.[1]

Finally, although Plaintiff has identified various reasons why the statement should be viewed as inaccurate, the possibility (or even likelihood) that the statement was inaccurate doesn't mean the statement should be excluded under Rule 403. As the Ninth Circuit has noted, "Rule 403 . . . is an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence. Under the terms of the rule, the danger of prejudice must not merely outweigh the probative value of the evidence, but substantially outweigh it." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (cleaned up). Here, there is nothing particularly sensitive or prejudicial about the concept of a cancer diagnosis. Thus, there is no reason to take this issue away from the jury. If, as Plaintiff contends, the references to a cancer diagnosis are inaccurate, he will be able to establish that fact at trial.

…

…

---

[1] As for the statement by "Erica" that Nyerges had been diagnosed with stage-four cancer, although the statement itself likely qualifies as a statement made for medical diagnosis or treatment under Rule 803(4)—the surrounding circumstances suggest she made the statement to Christley for the purpose of assisting Nyerges's medical treatment, and it is a statement of medical history—it is unclear from the present record how Erica came to know this information. At any rate, it is unnecessary at this juncture to decide whether the statement by "Erica" is admissible. The only request now before the Court is Plaintiff's motion to categorically preclude all evidence related to throat cancer, and that request is denied for the reasons stated in the body of this order.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion *in limine* regarding throat cancer (Doc. 156) is **denied**.

Dated this 13th day of July, 2022.

Dominic W. Lanza
United States District Judge