**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen Nyerges, et al., | No. CV-19-02376-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Hillstone Restaurant Group Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant's expedited motion to continue trial (Doc. 164), which Plaintiffs oppose (Doc. 168).

The motion is denied for three interrelated reasons. First, as discussed at length during the status hearing on November 29, 2022 (in the context of the Court's explanation for why it will not make a pretrial ruling on the preemption issue), Defendant will not suffer any unfair prejudice from going to trial on a negligence claim that has always been part of this case and is intertwined, in many ways, with the statutory claim. To the extent Defendant believes the presence of both claims creates a risk that "the jury will be left assessing liability in a manner that triggers confusion" (Doc. 164 at 2), this risk can be addressed through jury instructions that set forth the standards governing each type of claim.

Second, the considerations set forth in Plaintiffs' opposition brief underscore why it would be unfairly prejudicial to Plaintiffs to grant an unexpected, eve-of-trial continuance. This case was initiated in 2018, Plaintiff Helen Nyerges is 87 years old, and

Plaintiffs have "spend considerable sums in both time and expenses preparing for the trial." (Doc. 168 at 1-2.)

Third, the request is functionally an open-ended request for a stay of the entire case. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When determining whether to issue a *Landis* stay, courts must weigh "competing interests," which include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). *See also Percy v. United States*, 2016 WL 7187129, *2 (D. Ariz. 2016). "If there is even a fair possibility that the stay will work damage to someone else, the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Percy*, 2014 WL 7187129 at *2 (citations omitted). Here, as discussed above, the balance of interests weighs against Defendant's request—a stay will cause Plaintiffs to suffer significant hardship while the absence of a stay will not cause Defendant to suffer any unfair prejudice. Finally, the open-ended nature of the stay request—it is unclear when the Arizona Supreme Court will rule on the pending petition for review in *Torres*, and if review is granted, it is unclear how long it will take for the Supreme Court to issue a merits ruling—further cuts against the request. *Mi Familia Vota v. Hobbs*, 2021 WL 5505788, *3 (D. Ariz. 2021) ("[T]he open-ended nature of the stay request weighs against granting it. Although the Attorney General requests an 'initial' stay of only 60 days, this is a somewhat artificial figure—ultimately, the Attorney General seeks a stay until *Hobbs* is decided. But requests for lengthy, open-ended stays are disfavored.") (citations omitted).

…

…

Accordingly,

**IT IS ORDERED** that Defendant's expedited motion to continue trial (Doc. 164) is **denied**.

Dated this 1st day of December, 2022.

Dominic W. Lanza
United States District Judge